UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ISAAC MURRAY,

                          Plaintiff,

  -against-                                    9:05-CV-538
                                                    (LEK/GJD)

J. SMITH, Deputy Nurse Administrator,
*et al.*,

                          Defendants.

**DECISION AND ORDER**

**I.    Background**

Plaintiff Isaac Murray ("Plaintiff") alleges in his *pro se* Complaint that Defendants have been deliberately indifferent to his serious medical needs. See Compl. (Dkt. No. 1). In this Court's Order directing Plaintiff to pay the then-$250.00 filing fee in full or comply with 28 U.S.C. § 1915, the Court warned: "**Petitioner is also required to promptly notify the Clerk's Office and counsel for the respondent of any change in his address; his failure to do so will result in the dismissal of this action.**" May 2005 Order (Dkt. No. 4) at 5 (emphasis in original). Plaintiff complied with the Court's Order and filed the proper Inmate Authorization Form and an amended Complaint. See Dkt. Nos. 5, 6. The Honorable Gustave J. DiBianco, United States Magistrate Judge, ordered the Clerk of the Court to issue summonses and forward them and copies of Plaintiff's Amended Complaint to the United States Marshal for service upon Defendants. June 2005 Order (Dkt. No. 8).

After an extension, Defendants answered Plaintiff's Amended Complaint and Judge

1

DiBianco issued a Pretrial Scheduling Order.  See Dkt. Nos. 19-23.  Defendant's Counsel submitted a Letter Motion to Judge DiBianco on November 9, 2006, requesting that the discovery date be extended to December 22, 2006.  See Defts' November 2006 Letter Motion (Dkt. No. 33). Defendants explained that they had learned that Plaintiff had been conditionally released to parole on October 6, 2006, but that they had been unable to serve a deposition notice on him, and needed an extension of time, because Plaintiff had not filed a change of address with the Court.  Id.  Judge DiBianco granted Defendants' request.  See November 2006 Order (Dkt. No. 35).  The copy of Judge DiBianco's Order that was sent to Plaintiff at the Coxsackie Correctional Facility, his last known address, was returned as undeliverable and with a notation that Plaintiff had been released. See Dkt. No. 36.  Defendants subsequently filed a Motion to dismiss the Complaint, pursuant to Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York, based on Plaintiff's failure to provide Defendants with a current address, thereby impeding Defendants' ability to litigate this case.  See Defts' Motion to dismiss (Dkt. No. 37).

In addition, upon a search of the Inmate Information Database maintained by the New York State Department of Correctional Services - using Plaintiff's Department ID Number 03-A-2100 - the Court has determined that Plaintiff was conditionally released to parole on October 6, 2006.  See N.Y.S. DOCS Inmate Population Information Search website *at* http://nysdocslookup.docs.state.ny.us/kinqw00 (last visited Mar. 22, 2007).

## II.    Discussion

*Pro se* litigants are required to immediately notify the Court and their adversaries of any change in their address or contact information.  See N.D.N.Y.L.R. 10.1(b)(2).  "Failure to notify the

Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action." N.D.N.Y.L.R. 41.2(b).  United States Courts are vested with broad discretion to impose sanctions for non-compliance with court orders, and those sanctions can include the severe sanction of dismissing a case.  See Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC, No. 01 Civ. 6600(RLC), 2005 WL 3370542, at *1 (S.D.N.Y. Dec. 12, 2005) ("Moreover, the court has the inherent authority to dismiss a case when a party disobeys any of its orders.") (citing Chambers v. Nasco, Inc., 501 U.S. 32, 45 (1991)).  Southridge addressed discovery orders, but there is also no difference for non-compliance with any other court order.  See Dumpson v. Goord, No. 00-CV-6039 CJS, 2004 WL 1638183 (W.D.N.Y. Jul. 22, 2004) (Court ordered one of the plaintiffs to provide address where he could be reached; plaintiff failed to comply; plaintiff was dismissed from the case).

     Plaintiff has failed to update his address as he is required to do by Northern District Local Rule 10.1(b)(2).  Moreover, Plaintiff has failed to update his address as required by this Court's Order.  See May 2005 Order (Dkt. No. 4).  Plaintiff is proceeding *pro se* and should be granted special lenience with regard to his compliance with procedural rules.  See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).  However, his failure to update his address is no small matter.  As then-District Judge Pooler stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

Dansby v. Albany County Corr. Facility Staff, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y.

Apr. 10, 1996) (Pooler, D.J.) (quoting Perkins v. King, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); see, generally, N.D.N.Y. L.R. 41.2(b).

The Second Circuit in LeSane held that:

"this court has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order, and these factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme. . . . Specifically, a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

LeSane, 239 F.3d at 209 (internal quotations omitted).

This Court has evaluated the factors as set forth by the Second Circuit. Plaintiff was notified by this Court's Order and Judge DiBianco, see, e.g., September 2006 Order (Dkt. No. 31), and has known for years that he must promptly update his address whenever it changes, or risk having the action dismissed by this Court. Plaintiff was released from Coxsackie Correctional Facility nearly six (6) months ago and has yet to update his address. By failing to update his address, Plaintiff has failed to comply with this Court's Order and Local Rule 10.1(b)(2) and has frustrated the Court's and Defendants' ability to contact him. The Court finds that it would be futile to make any further attempts to contact Plantiff. See, generally, Bottom v. Cooper, No. 03-CV-6493L, 2005 WL 2496052 (W.D.N.Y. Oct. 7, 2005).

Given the law and factors discussed above, Plaintiff's failures in this matter warrant the imposition of the sanction of dismissal.

**III.     Conclusion**

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 37) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** due to Plaintiff's failure to update his address as required by this District's Local Rules and a prior Order of this Court.  The Clerk of the Court shall **CLOSE Case Number 9:05-CV-538 (LEK/GJD)**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.


DATED:     March 29, 2007
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge